**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Ubinger,<br><br>    Plaintiff,<br><br>v.<br><br>Urban Housekeeping LLC, et al.,<br><br>    Defendants. | No. CV-23-01802-PHX-ROS<br><br>**ORDER** |

Plaintiff filed this suit to recover unpaid minimum wages under federal and state law. Defendants Urban Housekeeping, LLC, Urban Housekeeping-AB, LLC, and Meredith De Olavarria (collectively "Defendants") were served but did not appear.[1] The Clerk of Court entered each defendant's default and Plaintiff filed a motion for default judgment.

District courts in the Ninth Circuit often analyze the seven "*Eitel* factors" when deciding whether to enter default judgment.[2] *See Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). As recently explained in a similar case, it is not possible to conduct a meaningful

---

[1] Plaintiff also named as a defendant John Doe Olavarria, allegedly Meredith De Olavarria's spouse. It is unknown if John Doe exists and Plaintiff filed a statement indicating any judgment against John Doe may not be enforceable. Therefore, John Doe will be dismissed without prejudice. Plaintiff may seek to modify the judgment to include judgment against John Doe if she determines John Doe exists and was properly served before judgment was entered against Meredith De Olavarria.

[2] The seven factors are: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

analysis of the first, fifth, sixth, and seventh *Eitel* factors when no defendant appears. *Ausseresses v. Pride Security*, CV-23-2662 (D. Ariz. May 15, 2024). Therefore, as in every case where no defendant appears, those four factors support entry of default judgment in this case.

The only remaining *Eitel* factors are the second, third, and fourth. The second and third factors require assessing the merit of Plaintiff's claim and the sufficiency of her complaint. These factors weigh in favor of entering default judgment because the complaint contains sufficient factual allegations establishing claims for relief under federal and state law. That is, the complaint alleges Plaintiff worked for Defendants from June 5, 2023, through August 8, 2023. Plaintiff was paid $25 per hour. In her final workweek with Defendants, Plaintiff worked approximately 20 hours. Plaintiff was not paid for those hours. Plaintiff also was not paid for five hours of work performed prior to her last workweek. Those allegations are sufficient to state plausible claims under federal and state law regarding unpaid wages.

The fourth *Eitel* factor requires the Court assess if default judgment is appropriate given "the sum of money at stake in the action." *Eitel*, 782 F.2d at 1471. Plaintiff is seeking a judgment of $1,875. This relatively small amount supports entry of default judgment.

The factors all support entry of default judgment. Plaintiff submitted a declaration establishing her hourly wage and number of hours she worked. And Plaintiff's motion for default judgment analyzes the governing federal and state laws, including the provisions of those laws that allow for liquidated damages. The declaration and motion for default judgment establish Plaintiff is entitled to the full amount she seeks.

Accordingly,

**IT IS ORDERED** Defendant John Doe Olavarria is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion for Default Judgment (Doc. 29) is **GRANTED**.

Case 2:23-cv-01802-ROS   Document 32   Filed 05/23/24   Page 3 of 3

- 3 -

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment against Urban Housekeeping, LLC, Urban Housekeeping-AB, LLC, and Meredith De Olavarria such that Urban Housekeeping, LLC, and Urban Housekeeping-AB, LLC, are jointly and severally liable for $1,875 and Urban Housekeeping, LLC, Urban Housekeeping-AB, LLC, and Meredith De Olavarria are jointly and severally liable for $831 of the $1,875.

Dated this 22nd day of May, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge